IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| David Farrell Sullivan,<br><br>    Plaintiff,<br><br>vs.<br><br>Jennifer Wells, Assistant County Solicitor; The Political Subdivision of Spartanburg County, South Carolina; Larry Powers and the Staff of Spartanburg County Detention Facility, et al.,<br><br>    Defendants. | Civil Action No. 6:09-2551-HFF-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

    This matter is before the court on the plaintiff's motions for summary judgment (docs. 55, 61) and the defendants' motion to dismiss or, in the alternative, for summary judgment (doc. 75). The plaintiff, who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights have been violated.

    Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

    The plaintiff filed a motion for summary judgment on February 17, 2010, and another motion for summary judgment on March 4, 2010. The defendants filed their opposition to the motions on March 22, 2010. On April 26, 2010, the defendants filed their motion to dismiss or, in the alternative, for summary judgment on April 26, 2010. By order filed April 27, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible

consequences if he failed to adequately respond to the motion. The plaintiff filed his response on May 5, 2010.

## **FACTS PRESENTED**

The plaintiff brings this action against an Assistant Solicitor, Jennifer Wells, and Spartanburg County seeking damages for his allegedly wrongful arrest and unlawful pretrial detention that occurred beginning on June 13, 2002. The plaintiff alleges that he was sitting in his home on that date with a notice to appear in court on June 14, 2002, but that officers entered his house "without presentment of a lawful warrant," placed restraints on him, and arrested him. Comp. at 4. Allegedly the officers told the plaintiff that defendant Wells instructed them to arrest the plaintiff even without a warrant. Comp. at 7.

The plaintiff alleges that he spent time unlawfully in the detention center from June 13, 2002, until September 13, 2002, when a state court judge ordered that he be released on a bond. Comp. at 22-24, ex. B. It appears that the charge against the plaintiff was for criminal domestic violence of a high and aggravated nature ("CDVHAN") and that the victim was the plaintiff's wife. Comp. at 30, 34, ex. E, G. It appears that the victim had believed that the charges were going to be dropped against the plaintiff based upon a letter from the Solicitor's Office, and it appears that the victim desired the charges to be dropped and thought that defendant Wells "tortured" her and her family about this case. Comp. at 18, ex. A, J. However, the charge was prosecuted by defendant Wells in the Spartanburg County Court of General Sessions. The plaintiff was convicted on the charge by a jury, and he received a ten-year sentence. His conviction was affirmed on direct appeal. *See State v. Sullivan*, 608 S.E.2d 422 (S.C. 2005).

The plaintiff filed the present action on September 30, 2009. He alleges that defendant Wells acted outside of her official duties as a solicitor and performed administrative and investigatory acts by making false statements and maliciously pursuing

2

the prosecution against him. Comp. at 7, 15. The plaintiff alleges that defendant Wells acted outside of her official duties when she instructed law enforcement officers to arrest him on June 13, 2002. He further alleges that he was arrested with an unlawful bench warrant ordered by a state court judge. Comp. at 6, 10, and 21, ex. B. The plaintiff alleges that Spartanburg County should be liable for its failure to train and/or investigate the wrongful conduct. Comp. at 5. The plaintiff also alleges that Wells was the alter-ego of the county so the county should be liable for Wells' conduct. Comp. at 7, 11. He seeks money damages against Wells and Spartanburg County. Comp. at 12.

The plaintiff also brings this action against Larry Powers, the Director of the Spartanburg County Detention Facility, for deliberate indifference to the health and safety conditions of the detainees at the facility during the plaintiff's detention from June to September of 2002. Am. Comp. at 2-3, 9-10. The plaintiff alleges that Powers and the staff wrongfully processed him into the detention center without legal authority, that the plaintiff contracted "TB" while he was detained in that facility, that he was subjected to inhumane living conditions, that he was retaliated against by the staff at the detention facility when he filed grievances, and that he was wrongfully punished with restraints. He seeks money damages against Powers and the staff of the Spartanburg County Detention Facility. Am. Comp. at 5.

This action is the third in which the plaintiff seeks relief based substantially on the same facts, similar legal grounds, and against some of the same parties. On May 6, 2005, while the plaintiff was incarcerated, he filed an action *in forma pauperis* against Wells, Spartanburg County, Powers, and many other defendants. *See Sullivan v. County*, C.A. No. 6:05-1282-HFF-WMC (D.S.C.), aff'd, No. 06-6531, 2007 WL 1302964 (4th Cir. May 3, 2007) (noting that the plaintiff's claims were meritless). The plaintiff filed that action pursuant to Section 1983 based upon the defendants allegedly depriving him of his liberty in 2002 during the pretrial proceedings related to his state criminal case for CDVHAN. In

3

the 2005 action, the plaintiff alleged that defendants conspired in his prosecution, conspired to deprive him of his liberty, deliberately created adverse conditions in the pretrial detention, and subjected him to unsafe and unhealthy conditions of detention. On December 7, 2005, the Honorable Henry F. Floyd, United States District Judge, summarily dismissed the case without prejudice based upon claim and issue preclusion, *Heck v. Humphrey*, 512 U.S. 477 (1993), and because the action was repetitive and malicious. Prior to the 2005 *Sullivan v. County* case, on November 21, 2002, when plaintiff was a pretrial detainee, he filed *Sullivan v. Wells*, C.A. No. 7:02-3879-HFF-WMC (D.S.C.), aff'd, No. 04-6693, 2005 WL 327564 (4th Cir. Feb. 9, 2005), wherein he raised almost identical claims to the claims in *Sullivan v. County*. In the 2002 case, the plaintiff filed the action *in forma pauperis*, and Judge Floyd summarily dismissed the action without prejudice.

On October 14, 2009, this court recommended dismissing the instant lawsuit as repetitive and frivolous. However, because the plaintiff in the instant action has paid the filing fee and pleaded his claims in greater factual and legal detail than in his past complaints, Judge Floyd declined to accept the recommendation and ordered that the case be remanded to this court for further proceedings. The motions for summary judgment followed and are now ripe for consideration.

## **APPLICABLE LAW AND ANALYSIS**

If on a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) matters outside the pleading are presented to and not excluded by the court, as here, the motion shall be treated as one for summary judgment. Fed.R.Civ.P. 12(d). Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

4

Fed.R.Civ.P. 56.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden

5

of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The defendants first argue that the plaintiff's claims against them in their official and individual capacities should be dismissed as the action is barred by the applicable statute of limitations. This court agrees. Although Section 1983 does not prescribe a specific statute of limitations for bringing a claim, the United States Supreme Court has ruled that in the absence of a congressionally prescribed statute of limitations, "the most closely analogous statute under state law" must fill the void. *Reed v. United Transp. Union*, 488 U.S. 319, 323 (1989). In Section 1983 actions filed in the District of South Carolina, the court must apply South Carolina's general personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 265-280 (1985) (in §1983 actions, federal courts should apply state's general statute of limitations for personal injuries). South Carolina's applicable personal injury statute of limitations establishes a three-year limitations period for personal injury causes of action arising on or after April 5, 1988. S.C. Code Ann. § 5-3-530. Thus, the plaintiff in this case had three years to bring this Section 1983 action.

Although the limitation period is borrowed from state law, the question of when a cause of action accrues under Section 1983 remains one of federal law. *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.* In the case at bar, the plaintiff could have filed suit as soon as the allegedly wrongful arrest occurred on June 13, 2002. Even giving the plaintiff the benefit of the doubt and arguing that he could have waited to file his suit as soon as his alleged false imprisonment ended on September 13, 2002, he should have filed his lawsuit on or before September 13, 2005. Instead, the plaintiff did not file this action

until September 30, 2009, more than seven years from the date of his arrest and more than four years after the statute of limitations had run.

As referenced above, this is the third lawsuit the plaintiff has brought seeking to hold the defendants liable for his alleged wrongful arrest. The prior lawsuits ended in dismissals without prejudice, and the dismissals were affirmed by the Court of Appeals for the Fourth Circuit. However, the filing of plaintiff's earlier lawsuits had no tolling effect on the three-year limitations period. If a case is dismissed without prejudice, the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by the filing of that case. *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000). In other words, a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed. *See e.g. Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995); *Dade County v. Rohr Industries, Inc.*, 826 F.2d 983, 989 (11th Cir. 1987). Thus, here, the statute of limitations begin running, at the latest, on September 13, 2002, and continued running uninterrupted by the filing, and subsequent dismissals without prejudice, of the plaintiff's previous lawsuits. The three-year limitations period expired sometime on, or before, September 13, 2005, and the current complaint, filed more than four years later, is untimely.

The plaintiff argues that the statute of limitations should be tolled because of his "excusable neglect" in failing to timely file his complaint. Since South Carolina's statute of limitations applies, the state's tolling rules also apply. *See Wade v. Danek Medical, Inc.*, 182 F.3d 281, 289 (4th Cir.1999) (finding that "in any case in which a state statute of limitations applies - whether because it is 'borrowed' in a federal question action or because it applies under *Erie* in a diversity action - the state's accompanying rule regarding equitable tolling should also apply."). Under South Carolina law, equitable tolling applies "when the plaintiff has been induced or relies on the defendant's conduct or promises . . . ." *Rink v.*

7

*Richland Memorial Hosp.*, 422 S.E.2d 747, 749 (S.C.1992). Here, the plaintiff has shown no basis for equitable tolling.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the plaintiff's motions for summary judgment (docs. 55, 61) be denied and the defendants' motion to dismiss or, in the alternative, for summary judgment (doc. 75) be granted.

s/William M. Catoe
United States Magistrate Judge

May 26, 2010

Greenville, South Carolina