| | |
|---|---|
| David Farrell Sullivan,<br>　　Plaintiff, | )<br>)<br>)<br>) Case No. 6:09-2551-RMG<br>) |
| v. | ) **ORDER**<br>) |
| Jennifer Wells, et. al.<br>　　Defendants. | )<br>)<br>)<br>) |

This matter is before the court on the plaintiff's motions for summary judgment (Dkt. No.. 55, 61) and the defendants' motion to dismiss or, in the alternative, for summary judgment (doc. 75). The plaintiff, who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights have been violated.

The plaintiff filed a motion for summary judgment on February 17, 2010, and another motion for summary judgment on March 4, 2010. The defendants filed their opposition to the motions on March 22, 2010. On April 26, 2010, the defendants filed their motion to dismiss or, in the alternative, for summary judgment on April 26, 2010. The plaintiff filed his response on May 5, 2010. On May 26, 2010 the Magistrate Judge recommended that plaintiff's motions for summary judgment be denied and that defendant's motion be granted. On June 26, 2010, plaintiff filed his objection to the Magistrate's report and recommendation. As a result, this Court has conducted a *de novo* review with respect to this matter. As outlined herein, this Court adopts the Magistrate's recommendation and grants the defendant's motion.

## Background

The plaintiff brings this action against an Assistant Solicitor, Jennifer Wells, and Spartanburg County seeking damages for his allegedly wrongful arrest and unlawful pretrial detention that

occurred beginning on June 13, 2002. The plaintiff alleges that he was sitting in his home on that date with a notice to appear in court on June 14, 2002, but that officers entered his house "without presentment of a lawful warrant," placed restraints on him, and arrested him. (Dkt. No. 1). According to plaintiff, the officers told the plaintiff that defendant Wells instructed them to arrest the plaintiff even without a warrant. (Dkt. No. 1). The plaintiff alleges that he spent time unlawfully in the detention center from June 13, 2002, until September 13, 2002, when a state court judge ordered that he be released on a bond. (Dkt. No. 1, Ex. B). The Record indicates that the charge against the plaintiff was for criminal domestic violence of a high and aggravated nature ("CDVHAN") and that the victim was the plaintiff's wife. (Dkt. No. 1, Exs.. E & G). From the Record it would appear that plaintiffs' wife, the victim, believed that the charges were going to be dropped against the plaintiff based upon a letter from the Solicitor's Office, and it appears that the victim desired the charges to be dropped and thought that defendant Wells "tortured" her and her family about this case. (Dkt. No. 1, Ex. A & J). However, the charge was prosecuted by defendant Wells in the Spartanburg County Court of General Sessions. The plaintiff was convicted on the CDVHAN charge by a jury, and he received a ten-year sentence. His conviction was affirmed on direct appeal by the South Carolina Supreme Court. *See State v. Sullivan*, 608 S.E.2d 422 (S.C. 2005).

The plaintiff filed the present action on September 30, 2009. He alleges that defendant Wells acted outside of her official duties as a solicitor and performed administrative and investigatory acts by making false statements and maliciously pursuing the prosecution against him. (Dkt. No. 1 at pp. 7, 15). The plaintiff alleges that defendant Wells acted outside of her official duties when she instructed law enforcement officers to arrest him on June 13, 2002. He further alleges that he was arrested with an unlawful bench warrant ordered by a state court judge. (Dkt. No. 1 at pp. 6, 10, 21;

Dkt. No. 1, Ex. B). The plaintiff alleges that Spartanburg County should be liable for its failure to train and/or investigate the wrongful conduct. (Dkt. No. 1). The plaintiff also alleges that Wells was the alter-ego of the county so the county should be liable for Wells' conduct. (Dkt. No. 1). He seeks money damages against Wells and Spartanburg County. (Dkt. No. 1).

The plaintiff also brings this action against Larry Powers, the Director of the Spartanburg County Detention Facility, for deliberate indifference to the health and safety conditions of the detainees at the facility during the plaintiff's detention from June to September of 2002. (Dkt. No. 45). The plaintiff alleges that Powers and the staff wrongfully processed him into the detention center without legal authority, that the plaintiff contracted "TB" while he was detained in that facility, that he was subjected to inhumane living conditions, that he was retaliated against by the staff at the detention facility when he filed grievances, and that he was wrongfully punished with restraints. He seeks money damages against Powers and the staff of the Spartanburg County Detention Facility. (Dkt. No. 45).

This action is the third plaintiff has filed seeking relief based on the same facts, similar legal grounds, and against some of the same parties. On May 6, 2005, while the plaintiff was incarcerated, he filed an action in forma pauperis against Wells, Spartanburg County, Powers, and many other defendants. *See Sullivan v. County*, C.A. No. 6:05-1282-HFF-WMC (D.S.C.), aff'd, No. 06-6531, 2007 WL 1302964 (4th Cir. May 3, 2007) (noting that the plaintiff's claims were meritless). The plaintiff filed that action pursuant to Section 1983 based upon the defendants allegedly depriving him of his liberty in 2002 during the pretrial proceedings related to his state criminal case for CDVHAN. In the 2005 action, in which Judge Floyd's decision was affirmed by the Fourth Circuit, the plaintiff alleged that defendants conspired in his prosecution, conspired to deprive him of his liberty, deliberately created adverse conditions in the pretrial detention, and subjected him to unsafe and

unhealthy conditions of detention. On December 7, 2005, the Honorable Henry F. Floyd, United States District Judge, summarily dismissed the case without prejudice based upon claim and issue preclusion and because the action was repetitive and malicious. Prior to the 2005 *Sullivan v. County* case, on November 21, 2002, when plaintiff was a pretrial detainee, he filed *Sullivan v. Wells*, C.A. No. 7:02-3879-HFF-WMC (D.S.C.), aff'd, No. 04-6693, 2005 WL 327564 (4th Cir. Feb. 9, 2005), wherein he raised almost identical claims to the claims in *Sullivan v. County*. In the 2002 case, the plaintiff filed the action in forma pauperis, and Judge Floyd summarily dismissed the action without prejudice. On October 14, 2009, the Magistrate Judge previously recommended dismissing the instant lawsuit as repetitive and frivolous. However, because the plaintiff paid the filing fee and offered more factual detail and legal support in this action than in his prior actions, the District Court Judge declined to adopt the Magistrate's recommendation and re-submitted the matter to the Magistrate for further proceedings. The parties then filed these motions for summary judgment and the Magistrate Judge issued the instant Report and Recommendation regarding same (Dkt. No. 84). The matter was subsequently transferred to the undersigned. (Dkt. No. 110).

**Law/Analysis**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). This Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*

Here, the Plaintiff does not make any "specific" objections in his response opposing the Magistrate's report and recommendation. Plaintiff simply restates the same allegations that he has offered in this litigation and in prior matters. Nonetheless, this Court has conducted a *de novo* review to the extent that Plaintiff's objections could be construed as specific and for the reasons below, this Court grants defendant's motion for summary judgment as follows.

If in a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) matters outside the pleading are presented and considered by the Court, the motion shall be treated as one for summary judgment under Rule 56. Fed.R.Civ.P. 12(d). Rule 56 provides that "judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment must demonstrate that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party establishes that there is no genuine issue of material fact, the non-moving party may not rest on the allegations

averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other th grounds*, 490 U.S. 228 (1989). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

Here, the defendants argue that the plaintiff's claims against them in their official and individual capacities should be dismissed as the action is barred by the applicable statute of limitations. The Court, as detailed herein, agrees that the statute of limitations has expired with respect to Plaintiff's claims.

Although Section 1983 does not prescribe a specific statute of limitations for bringing a claim, the United States Supreme Court has ruled that in the absence of a congressionally prescribed statute of limitations, "the most closely analogous statute under state law" must fill the void. *Reed v. United Transp. Union*, 488 U.S. 319, 323 (1989). In Section 1983 actions filed in the District of South Carolina, the court must apply South Carolina's general personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 265-280 (1985) (in §1983 actions, federal courts should apply state's general statute of limitations for personal injuries). South Carolina's applicable personal injury statute of limitations establishes a three-year limitations period for personal injury causes of action arising on or after April 5, 1988. S.C. Code Ann. § 5-3-530. Therefore, plaintiff in this case had three years to bring this Section 1983 action.

While the limitation period is borrowed from state law, the question of when a cause of action accrues under Section 1983 remains one of federal law. *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.* In the case at bar, the plaintiff could have filed suit as soon as the allegedly wrongful arrest occurred on June 13, 2002. Assuming arguendo that plaintiff could have waited to file his suit as soon as his alleged false imprisonment ended on September 13, 2002, he should have filed his lawsuit on or before September 13, 2005. Instead, the plaintiff did not file this action until September 30, 2009, more than seven years from the date of his arrest and more than four years after the statute of limitations had run. Hence, the statute of limitations begin running, at the latest, on September 13, 2002, and continued running uninterrupted by the filing, and subsequent dismissals without prejudice, of the plaintiff's previous lawsuits. Thus, this Court construes defendants' motion as one for summary judgment and grants it based on the fact that the statute of limitation has expired on plaintiff's claims.[1]

The plaintiff argues that the statute of limitations should be tolled because of his "excusable neglect" in failing to timely file his complaint. But because South Carolina's statute of limitations applies, the state's tolling rules also apply. *See Wade v. Danek Medical, Inc.*, 182 F.3d 281, 289 (4th Cir.1999) (finding that "in any case in which a state statute of limitations applies–whether because

---

[1] As referenced above, this is the third lawsuit the plaintiff has brought seeking to hold the defendants liable for his alleged wrongful arrest. The prior lawsuits ended in dismissals without prejudice, and the dismissals were affirmed by the Court of Appeals for the Fourth Circuit. However, the filing of plaintiff's earlier lawsuits had no tolling effect on the three-year limitations period. If a case is dismissed without prejudice, the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by the filing of that case. *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000).

it is 'borrowed' in a federal question action or because it applies under *Erie* in a diversity action–the state's accompanying rule regarding equitable tolling should also apply."). Under South Carolina law, equitable tolling applies "when the plaintiff has been induced or relies on the defendant's conduct or promises . . . ." *Rink v. Richland Memorial Hosp.*, 422 S.E.2d 747, 749 (S.C.1992). Here, the plaintiff has offered no support for his claim that the statute of limitation should have tolled.

## Conclusion

Based on the above, this Court denies plaintiff's motions for summary judgment (Dkt. Nos. 55, 61) and grants defendant's motion for summary judgment (Dkt. No. 75). In light of this Order, docket entries 73 and 103 are rendered moot.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 19, 2010
Charleston, South Carolina